# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SCOTT TATUM and wife, VICKI TATUM<br><br>         Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S,<br>NOVO NORDISK INC.,<br><br>         Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## **IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Scott R. Tatum_____.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A_____,

as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A_____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: Vicki Tatum_____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

          ✓_____    Novo Nordisk Inc.

          ✓_____    Novo Nordisk A/S

          _____    Eli Lilly and Company

          _____    Lilly USA, LLC

          _____    other(s) (identify):

## JURISDICTION AND VENUE

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Willoughby, Ohio

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Ohio

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Ohio

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Willoughby, Ohio

10.    Jurisdiction is based on:

_____✓_____    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

USDC Southern District of Ohio

12.    Venue is proper in the District Court identified in Paragraph 11 because:

____✓____    a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there;

_____    other (plead in sufficient detail as required by applicable rules):

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):



        ✓        Ozempic (semaglutide)

_____  Wegovy (semaglutide)

_____  Rybelsus (oral semaglutide)

_____  Saxenda (liraglutide)

_____  Trulicity (dulaglutide)

_____  Mounjaro (tirzepatide)

_____  Zepbound (tirzepatide)

_____  other(s) (identify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

9/2023 - 12/2023

## **INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____    Gastroparesis

_____    Other gastro-intestinal injuries (specify):

_____

_____    Ileus

_____    Ischemic Bowel/Ischemic Colitis

_____    Intestinal Obstruction

_____✓____    Necrotizing Pancreatitis

_____    Gallbladder Injury (specify)

_____    Micronutrient Deficiency

_____    Wernicke's encephalopathy

_____    Aspiration

_____    Death

_____    Additional/Other(s) (specify):

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

April 2024

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✓     Injury to self

_____ Injury to person represented

    ✓     Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

    ✓     Loss of consortium

_____ other(s) (specify):

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| _____ | Court I: | Failure to Warn – Negligence |
| _____ | Count II: | Failure to Warn – Strict Liability |
| _____ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| _____ | Count IV: | Breach of Implied Warranty |
| _____ | Count V: | Fraudulent Concealment/Fraud by Omission |
| _____ | Count VI: | Fraudulent/Intentional Misrepresentation |
| _____ | Count VII: | Negligent Misrepresentation/Marketing |
| _____ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| _____ | Count IX: | Innocent Misrepresentation/Marketing |
| ✓ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| _____ | Count XI: | Negligence |
| _____ | Count XII: | Negligent Undertaking |
| ✓ | Count XIII: | State Product Liability Act (see below) |
| _____ | Count XIV: | Wrongful Death |
| ✓ | Count XV: | Loss of Consortium |
| _____ | Count XVI: | Survival Action |
| _____ | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    Ohio Rev. Code Ann. §§ 1345.02(A), (B)(1), (B)(2); §1345.03; §1345.09

    b.   Identify the factual allegations supporting those claims (by subsection, if applicable):

    See Attachment I

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

    is/are bringing such claims:

Ohio Product Liability Act (Ohio Rev. Code §2307.72 (A) & (B)) §§2307.75 – 2307.80. Product Defective in design or formulation, Inadequate Warning or Instruction/Post Warnings or Instructions and Failure to Conform to a Representation by manufacturer. ("OPLA Claims")

    b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

    failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

§ 2307.71(B) of Ohio Product Liability Act states that Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action. If it is later determined that certain claims of the Master Complaint are not abrogated/subsumed within Plaintiff's OPLA Claims, Plaintiff reserves the right to amend his Short Form Complaint to indicate/assert, separately, any such legal theories referenced in Paragraph 19 of the Short Form Complaint. At this time, the following legal theories in Paragraph 19 appear to be abrogated and/or subsumed within Plaintiff's OPLA Claim  except for common law claims seeking purely

    c.   Identify the factual allegations supporting those claims:

See Attachment II

***Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  N/A  . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:  02/16/2026

/s/ John E. Tomlinson

By:

John E. Tomlinson (TOM014)

DeGaris Law LLC

2 North 20th Street, Suite 1030

Birmingham, AL 35203

Phone: 205-575-8000

jtomlinson@degarislaw.com

## ATTACHMENT "I"

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1.    Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2.    Plaintiff brings this claim against the Defendant(s) identified in paragraph 5 of the Short Form Complaint ("Defendant(s)").

3.    Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4.    The Ohio Consumer Sales Practices Act ("Ohio CSPA" or the "Statute") prohibits unfair or deceptive acts or practices in connection with a consumer transaction. Ohio Rev. Code Ann § 1345.02.

5.    Plaintiff and/or Defendant(s) are "persons" under the Statute.

6.    Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7.    Defendant(s) are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8.    Defendant(s) designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

1

9.    Defendant(s) marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Ohio. In addition, Defendant(s) sold GLP-1 RA Products to residents of Ohio; shipped GLP-1 RA Products to Ohio; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in Ohio. Defendant(s) misconduct described herein significantly affected Ohio consumers.

10.    As alleged in the Master Complaint, Defendant(s) engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

a.  Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

b.  Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

c.  Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11.    As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendant(s) continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12.    As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known that their

GLP-1 RA Products are not as effective for weight loss as Defendant(s) claimed. Despite espousing significant weight-loss benefits, Defendant(s) knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendant(s) continued to mislead consumers by overstating the products' weight-loss benefits.

13.    The information referenced above that Defendant(s) misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14.    Defendant(s) intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15.    Defendant(s) violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16.    Defendant(s) violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related

to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17.  On multiple occasions prior to using Ozempic, Plaintiff saw Ozempic commercials promising weight loss benefits with no increased risks, including but not limited to, OH, OH, OH, Ozempic commercials where actors exclaimed "OH! Up to 12 pounds" and "OH! No increased risks".

18.  Defendant(s) knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

19.  By consistently and pervasively understating the risk and overstating the benefits of taking GLP-1 RA Products, Defendant(s) engaged in unfair, deceptive and/or fraudulent acts in violation of the statute by, among other things: (a) representing that the GLP-1 RA Products have performance characteristics, uses, or benefits that they do not have; (b) representing that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are not; and (c) committing an unconscionable act or practice in connection with a consumer transaction. Ohio Rev. Code Ann. § 1345.02(A), (B)(1), (B)(2); 1345.03.

20.  In violation of the Statute, Defendant(s)' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the

GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

21.     Defendant(s)' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

22.     Plaintiff justifiably relied on Defendant(s)' misrepresentations and omissions and if Plaintiff had known the information that Defendant(s) withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

23.     As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendant(s) misrepresentations and omissions.  Defendant(s) expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

24.     Plaintiff at all times acted as a reasonable consumer in relying upon Defendant(s)' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

25.     The actions and omissions of Defendant(s) are uncured or incurable.

26.     As alleged above, Defendant(s) had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

27.     As a direct and proximate result of Defendant(s)' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all

of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint. Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

28.    n/a

## ATTACHMENT II

Plaintiff incorporates fully herein by reference all factual allegations in the Master Complaint in support of his claims under the Ohio Product Liability Act (Ohio Rev. Code §2307.72 (A) & (B)) §2307.75 – 2307.80 ("OPLA Claims").

Plaintiff also incorporates fully herein by reference the following paragraphs of the Master Complaint in support of his OPLA Claims: ¶¶ 606-640 (Count I - Failure to Warn – Negligence); ¶¶641-674 (Count II-Strict Liability-Failure to warn); ¶¶675-698 (Count III-Breach of Express Warranty/Failure to conform to representations); ¶¶699-720 (Count IV-Breach of Implied Warranty). ¶¶ 721-779 (Count V-Fraudulent Concealment/Fraud by Omission); ¶¶780 – 800 (Count VI-Fraudulent/Intentional Misrepresentation); 801 – 824 (VII -Negligent Misrepresentation/Marketing); paragraphs 825 – ¶¶ 848 (VIII -Strict product Liability Misrepresentation/Marketing); ¶849 (Count IX-Innocent Misrepresentation/Marketing); ¶¶850 – 865 (Count X -Unfair Trade Practices/Consumer protection); ¶¶866-880 (Count XI -Negligence); ¶¶881-903 (Count XII -Negligent Undertaking); ¶¶ 904-911 (Count XIII -State Product Liability Acts); and ¶¶ 919-922 (Count XV – Loss of Consortium).

1.     On or around September 2023, Plaintiff consulted with Daniell Rogers, NP, in Willoughby, Ohio to discuss options for diabetes management.

2.     As a result of his appointment, Daniell Rogers, NP prescribed Ozempic for Plaintiff and he used Ozempic for the purposes and in a manner normally intended from that time until approximately December 2023.

3.     Plaintiff also viewed advertisement/marketing materials regarding Ozempic's supposed weight loss benefits and absence of health risks prior to using Ozempic.

4.     On or around April 2024, Plaintiff was diagnosed with Necrotizing Pancreatitis.

5.     Plaintiff brings this product liability claim under the Act and relevant subsections, identified in Paragraph 21(a) of the Short Form Complaint (OPLA).

6.     Plaintiff brings this claim against the Defendants identified in Paragraph 5 of the Short Form Complaint ("Defendants")

7.    At all times material hereto, Defendants were the manufacturers, suppliers, advertisers and/or sellers of the product Ozempic, and subject to liability under the OPLA.

8.    At all times material hereto, Defendants manufactured, designed, formulated, researched, produced, constructed, created, assembled, rebuilt, sold, distributed, packaged, labeled, marketed, and promoted, the actual product, Ozempic, that caused Plaintiff harm/ Necrotizing Pancreatitis and for which he seeks to recover compensatory damages.

9.    At all times material hereto, Defendants' product Ozempic, was defective in design or formulation, because at the time it left control of Defendants, the foreseeable risks associated with its design or formulation exceeded the benefits associated with its design or formulation.

10.    The risks associated with the use of Defendants' product Ozempic, including Necrotizing Pancreatitis, were foreseeable to Defendants and were associated with the product Ozempic's intended use.

11.    The risks associated with the use of Defendants' product Ozempic, including Necrotizing Pancreatitis, were recognizable or should have been recognizable to Defendants while exercising the attention, perception, memory, knowledge, and intelligence that a reasonable manufacturer should possess as well as the superior attention, perception, memory, knowledge, or intelligence that Defendants did possess.

12.    Defendants knew or should have known of the substantial nature and magnitude of Ozempic's risks of harm, including Necrotizing Pancreatitis, to Plaintiff.

13.    Defendants knew or should have known of the unlikely awareness of Plaintiff of those risks of harm, including Necrotizing Pancreatitis.

14.    Defendants knew or should have known the substantial likelihood that their design or formulation of Ozempic would cause harm, including Necrotizing Pancreatitis, in light of its intended and reasonably foreseeable uses.

15.    Defendants knew or should have known the design or formulation of their product, Ozempic, was more dangerous than a reasonably prudent consumer,

including Plaintiff, would expect when used in its intended or reasonably foreseeable manner, particularly in light of Defendants' inadequate warnings and instructions as set forth below.

16. At all times material hereto, Defendants' product, Ozempic, was defective due to inadequate warnings or instructions at the time of marketing, because when it left the control of Defendants:

(a) Defendants knew or, in the exercise of reasonable care, should have known about the increased risks of harm associated with their product Ozempic, including Necrotizing Pancreatitis, for which the Plaintiff seeks to recover compensatory damages; and

(b) Defendants failed to provide warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the increased risks of harm associated with their product, Ozempic, in light of the likelihood that Ozempic would cause the harm, including Necrotizing Pancreatitis, for which the Plaintiff seeks to recover compensatory damages and in light of the seriousness of that harm.

17. At all times material hereto, Defendants' product was defective due to inadequate post-marketing warning or instruction because, at a relevant time after it left the control of Defendants:

(a) Defendants knew or, in the exercise of reasonable care, should have known about the increased risks of harm associated with their product Ozempic, including Necrotizing Pancreatitis, for which the Plaintiff seeks to recover compensatory damages; and

(b) Defendants failed to provide warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the increased risks of harm associated with their product, Ozempic, in light of the likelihood that Ozempic would cause the harm, including Necrotizing Pancreatitis, for which the Plaintiff seeks to recover compensatory damages and in light of the seriousness of that harm.

18. At all times material hereto, Defendants product, Ozempic, was defective because it did not conform, when it left the control of Defendants, to representations made by Defendants to Plaintiff and his prescribing physician regarding Ozempic's character, quality, or safety, including but not limited to,

representations regarding the supposed weight loss benefits of Ozempic and representations on the medication labels regarding the risks associated with Ozempic.

19.    Specifically, Defendants misled consumers, including Plaintiff, by overstating the weight loss benefits of Ozempic, including but not limited to, that Plaintiff would lose a certain number of pounds and/or a certain percentage of his body weight.   Further Defendants misled consumers, including Plaintiff, by understating, through their medication labels, the risks from using Ozempic, and downplaying those risks through its marketing and medication labels.

20.    Plaintiff justifiably and/or reasonably relied on Defendants' misrepresentations and omissions and used Ozempic.

21.    At all times material hereto, Defendants' misconduct manifested a flagrant disregard of the safety of persons, including Plaintiff, who might be harmed by the product Ozempic.

22.    As a direct and proximate result of one or more of the foregoing acts and omissions, Plaintiff was caused to suffer serious and dangerous injuries, including Necrotizing Pancreatitis, which resulted in other severe and personal injuries which are persistent, if not permanent and lasting in nature, including physical pain, mental anguish, diminished enjoyment of life, as well as the need for future medical treatment including testing and/or medications (both now and in the future) and fear of developing any of the above-named health consequences.

23.    As a direct and proximate result of one or more of the foregoing acts and omissions, Plaintiff also suffered consequent economic and other losses, including pain and suffering, loss of normal life, medical expenses, lost income and disability, and punitive damages.